**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| CYNTHIA CUPE, | : | Civil Action No. 05-4306 (JLL) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| CHARLOTTE BLACKWELL, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    CYNTHIA CUPE, #94245B/11847
    Edna Mahan Correctional Facility
    P.O. Box 4004
    Clinton, New Jersey 08809
    Petitioner Pro Se

    CHRISTOPHER C. JOSEPHSON, Deputy Attorney General
    ATTORNEY GENERAL OF NEW JERSEY
    P.O. Box 112
    Trenton, New Jersey 08625
    Attorneys for Respondents

**LINARES**, District Judge.

    Cynthia Cupe filed a petition for a writ of habeas corpus, accompanied by a memorandum of law, challenging the calculation of her sentence for murder, imposed by the Superior Court of New Jersey on May 4, 1987. Specifically, Petitioner contends that the failure of the New Jersey Department of Corrections ("NJDOC") to deduct 4,655 days of commutation and work credits from her thirty-year sentence is contrary to New Jersey law and violates the *Ex Post Facto* Clause and the Due Process Clause of the United States Constitution. Respondents filed an answer

seeking dismissal of the petition, and Petitioner filed a traverse and a supplemental traverse. For the reasons expressed below, the Court dismisses the petition and denies a certificate of appealability.

## I. BACKGROUND

Petitioner was convicted by a jury of the purposeful or knowing murder of Shelby Crews on July 9, 1986, contrary to N.J. S. A. § 2C:11-3a(1), (2). By order filed May 4, 1987, pursuant to N.J. S. A. § 2C:11-3b(1),[1] the Law Division imposed the following sentence: "COMMITTED TO THE CUSTODY OF THE COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS FOR THE TERM OF THIRTY YEARS (30) AND UNTIL RELEASED IN ACCORDANCE WITH LAW. (NOT ELIGIBLE FOR PAROLE)." State v. Cupe, Indictment No. 3941-11-86 judgment (N.J. Super. Ct. Law Div., filed May 4, 1987). Petitioner appealed. On May 12, 1989, the Superior Court of New Jersey, Appellate Division, affirmed the conviction and sentence. Petitioner filed a petition for certification, which the New Jersey Supreme Court denied on September 6, 1989. See State v. Cupe, 569 A.2d 1336 (N.J. 1989).

Petitioner filed her first state petition for post-conviction relief on August 27, 1991. The Law Division denied relief on October 28, 1991. On November 1, 1994, the Appellate Division reversed and remanded the petition after determining that Petitioner had been denied the effective

---

[1] At the time of Petitioner's 1987 conviction, this statute provided:

> Murder is a crime of the first degree but a person convicted of murder shall be sentenced, except as provided in subsection c. of this section [imposition of death], by the court to a term of 30 years, during which the person shall not be eligible for parole . . .

N.J. S.A. § 2C:11-3b(1).

2

assistance of counsel on her petition for post-conviction relief.  Petitioner filed an amended petition for post-conviction relief in the Law Division, which again denied relief.  Petitioner appealed.  The Appellate Division affirmed.  See State v. Cupe, 672 A.2d 1233 (N.J. Super. Ct. App. Div. 1996).  The New Jersey Supreme Court denied certification on May 23, 1996.  State v. Cupe, 677 A.2d 761 (N.J. 1996) (table).

On March 12, 1997, Petitioner filed her first petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 ("First Petition").  See Cupe v. Blackwell, Civil No. 97-1217 (KSH)  (D.N.J. filed March 12, 1997).  On October 25, 1999, this Court dismissed seven grounds for lack of subject matter jurisdiction, dismissed Ground One with prejudice, and dismissed the remaining grounds without prejudice as unexhausted.  Id.   Petitioner filed a notice of appeal. The Third Circuit granted a certificate of appealability, vacated the dismissal order, and remanded the petition to this Court with instructions to dismiss the petition without prejudice as a mixed petition under Rose v. Lundy, 455 U.S. 509 (1982).  See Cupe v. Blackwell, C.A. No. 99-5913 order (3d Cir. March 21, 2002).  This Court entered an order dismissing the petition on April 4, 2002.

On January 10, 2000, Petitioner signed her second state petition for post conviction relief, which was subsequently filed in the Law Division.  On July 12, 2000, Superior Court Judge Paul J. Vichness denied relief on the grounds that six points had been previously adjudicated, three claims of ineffective assistance of counsel did not meet the test in Strickland v. Washington, 466 U.S. 668 (1984), and the final point could have been raised previously and did not meet any exception to the bar of New Jersey Court Rule 3:22-4.  The Appellate Division affirmed on January 11, 2002 for the reasons stated by Judge Vichness and also noted that the claims were

time-barred.  The New Jersey Supreme Court denied certification on June 12, 2002.  State v. Cupe, 803 A.2d 635 (N.J. 2002) (table).

On June 25, 2002, Petitioner executed her second § 2254 petition in this Court.  See Cupe v. Blackwell, Civil No. 02-3287 (KSH)  (D.N.J. filed July 9, 2002).  On November 28, 2005, this Court dismissed the Petition as untimely, see 28 U.S.C. § 2244(d), and denied a certificate of appealability.  Cupe v. Blackwell, Civil No. 02-3287 (KSH) opinion & order (D.N.J. Nov. 28, 2005).

On March 5, 2003, Petitioner filed a third state petition for post-conviction relief in the Law Division, challenging the calculation of her sentence by the New Jersey Department of Corrections ("NJDOC"), i.e., the failure to deduct commutation and work credits from her thirty-year sentence.  The NJDOC refused to deduct Petitioner's work and commutation credits from her sentence pursuant to the Appellate Division's decision in Merola v. Dep't of Corrections, 667 A.2d 702, 705-08 (N.J. Super. Ct. App. Div. 1995), cert. denied, 673 A.2d 277 (N.J. 1996) (table), which held that the thirty-year sentence set forth in N.J.S.A. § 2C:11-3b(1), the statute Petitioner was sentenced under, is a mandatory minimum sentence and thus, cannot be reduced by work or commutation credits earned.  On April 2, 2003, the Law Division denied relief on the ground that issues of prisoner status are not appropriately considered on a post-conviction relief petition, but are subject to processes for obtaining a final administrative decision and judicial review by appeal.  Petitioner re-submitted the petition for post-conviction relief on May 16, 2003, and on July 29, 2003, the Law Division again denied relief.  Petitioner appealed.  The Appellate Division, affirmed the denial of post-conviction relief on the merits.  See State v.

Cupe, Docket No. A-0876-03T1 slip op. at pp. 3-4 (N.J. Super. Ct. App. Div., Feb. 28, 2005).

The Appellate Division rejected Petitioner's claims as follows:

> To the extent work and commutation credits already entered on defendant's classification records were cancelled following our decision in Merola v. Department of Corrections, 285 N.J. Super. 501 (App. Div. 1995), certif. denied, 143 N.J. 519 (1996), and in two unpublished decisions, as defendant contends, there was no unconstitutional exercise of retroactivity or other deprivation of constitutional right. The administrative action defendant challenges was merely an application of the letter of the governing statute, N.J.S.A. 2C:11-3b, to defendant's situation, as confirmed by us in Merola to have been the Legislature's intendment.

Id. at p. 4.

On June 9, 2005, the New Jersey Supreme Court denied certification. See State v. Cupe, 876 A.2d 284 (N.J. 2005) (table).

Petitioner executed the petition presently before this Court on August 30, 2005. The Clerk filed the petition on September 1, 2005. Although Petitioner styled her petition as one brought pursuant to 28 U.S.C. § 2241, the Court considers this petition as one brought pursuant to 28 U.S.C. § 2254 because she is in state custody pursuant to a judgment of a state court. See Felker v. Turpin, 518 U.S. 651, 662 (1996) ("authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court' "); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) ("Congress has attached restrictions to Section 2254 proceedings that should not be circumvented by permitting a petitioner to go forward under the more general authority conferred by Section 2241"); see also DeVaughn v. Dodrill, 145 Fed. Appx. 392, 394 (3d Cir.

5

2005) (indicating that a petitioner challenging the execution of his state sentence must proceed under section 2254, not section 2241).[2]

The Petition, which incorporates petitioner's memorandum of law, sets forth the following grounds for relief:

> Ground One: THE RETROACTIVE CANCELLATION OF PETITIONER'S WORK AND COMMUTATION CREDITS, AFTER THEY WERE ALREADY ENTERED ON HER OFFICIAL CLASSIFICATION RECORDS, VIOLATES THE CONSTITUTIONS OF NEW JERSEY AND THE UNITED STATES.
>
> Ground Two: THE STATUTE UPON WHICH PETITIONER WAS SENTENCED IS AMBIGUOUS, SUBJECT TO TWO INTERPRETATIONS, AND THE ONE WHICH FAVORS PETITIONER IS THE ONE WHICH MUST CONTROL, REQUIRING HER RELEASE FROM ANY FURTHER IMPRISONMENT BY GRANTING HER GOOD TIME CREDITS.
>
> Ground Three: THE RETROACTIVE CANCELLATION OF GOOD TIME CREDITS VIOLATES THE EX POST FACTO CLAUSE OF THE UNITED AND FEDERAL CONSTITUTIONS.

(Pet. ¶ 12; Petitioner's Mem. of Law at pp. 5, 11, 17.)

---

[2] By order dated April 13, 2005, the Court notified Petitioner that her claims challenging the administration of her sentence cannot be brought under 28 U.S.C. § 2241. The Court gave Petitioner the opportunity to have her petition re-characterized as a petition under 28 U.S.C. § 2254 to avoid dismissal and advised Petitioner that if she did not respond within forty-five days, the Court may dismiss the petition for lack of jurisdiction under section 2241.

In response, Petitioner asked this Court to proceed with the petition under section 2241 because she previously filed petitions challenging her convictions under section 2254. On May 11, 2006, this Court ordered service and directed Respondents to answer. Thus, the Court accommodates *pro se* Petitioner by re-characterizing her petition as one pursuant to section 2254 to avoid dismissal for lack of jurisdiction based solely on Petitioner's classification.

## II.  **DISCUSSION**

Section 2254(a) gives this Court jurisdiction to entertain a habeas petition challenging a state conviction or sentence where a petitioner's custody violates the United States Constitution or federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

### A.   **Jurisdiction**[3]

Petitioner admits that she has previously filed two section 2254 petitions in this Court, see supra note 2.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") severely limits a district court's jurisdiction over second or successive § 2254 petitions by imposing procedural and substantive requirements on such petitions.  See Burton v. Stewart, 127 S. Ct. 793, 796 (2007); Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005).

Procedurally, the AEDPA, at 28 U.S.C. § 2244(b)(3), requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Once a petitioner files a motion for authorization to file a second or successive habeas petition, a three-judge panel of the court of appeals decides within thirty days whether the

---

[3] Respondents did not raise a jurisdictional objection to the instant petition; however, this Court has the authority to *sua sponte* consider whether it has jurisdiction to adjudicate the merits of the petition.  See, e.g., Benchoff v. Colleran, 404 F.3d 812, 815 (3d Cir. 2005).

petitioner has made a prima facie showing that the application satisfies the following substantive requirements of section 2244(b)(2), which provides that:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless:
>
> (A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)   (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2); see also Benchoff, 404 F.3d at 816 (explaining this procedure).  The District Court lacks jurisdiction to consider the merits of the second or successive habeas petition and thus, must dismiss the petition, if the requirements set forth above are not met. See Burton, 127 S. Ct. at 796; Benchoff, 404 F.3d at 816.

This Court lacks jurisdiction over the instant petition because it is a "second or successive" petition, and Petitioner has not met the applicable requirements for filing such a petition.  The Third Circuit, in Benchoff v. Colleran, 404 F.3d 812, 817-20 (3d Cir. 2005), held that the district court lacked subject matter jurisdiction over the petitioner's habeas petition, which challenged the administration of his sentence.  Specifically, the Third Circuit found that since the petitioner knew of the factual predicate of his claim at the time he filed a previous habeas petition, he could have (and should have) raised his claim in the previous petition, which

challenged his underlying conviction. See Benchoff, 404 F.3d at 817-820. The Third Circuit further held that the Benchoff petitioner's failure to have exhausted his challenge to the administration of his sentence did not excuse his failure to raise the claim in his prior petition:

> Rose v. Lundy [455 U.S. 509 (1982)] requires a petitioner to either fully exhaust all claims prior to filing a petition or to raise both exhausted and unexhausted claims in the first habeas petition. If Benchoff's parole claim was unexhausted, then Rose v. Lundy would require the dismissal of the petition without prejudice. Benchoff could then have properly re-filed the petition once all of his claims were exhausted. This re-filed petition would not constitute a second or successive petition . . . . Rather than follow the procedure prescribed by Rose v. Lundy and its progeny, Benchoff chose instead to withhold his parole claim while he exhausted it in state court, rendering this petition "successive" under § 2244(b).

Benchoff, 404 F. 3d at 820 (footnote and internal citations omitted). The instant case falls within the holding of Benchoff.

Petitioner asserts that the NJDOC cancelled her sentence-reducing credits in 1995 when the Appellate Division decided Merola. In Merola, as indicated above, the Appellate Division held that the statute that Petitioner was sentenced under, N.J.S.A. § 2C:11-3b(1), imposed a mandatory minimum term of thirty years in prison and thus, the defendant was not entitled to reduce his sentence by any commutation and work credits he earned. Merola, 667 A.2d at 705-08. Thus, since Petitioner's credits were cancelled, in response to Merola, in 1995, the factual predicate of her claims in the instant petition arose before Petitioner filed her 1997 and 2002 petitions challenging the underlying conviction. In other words, Petitioner knew when she filed her previous petitions that the NJDOC would not deduct commutation and work credits from her thirty-year sentence. The fact that her claims in the instant petition may have been unexhausted as of the time she filed her previous two habeas petitions is irrelevant.

Accordingly, this petition is successive. Petitioner did not move in the appropriate court of appeals for an order authorizing the district court to consider the application. Thus, since she fails to meet the procedural requirements of the AEDPA, the Court dismisses the petition for lack of subject matter jurisdiction.

**B.     The Merits**

Even if this Court has jurisdiction over Petitioner's claims, Petitioner's claims are without merit for the following reasons.

First, in Ground Two, Petitioner asks this Court to rule that the Appellate Division incorrectly construed New Jersey law when it determined that the phrase "not eligible for parole," under N.J. S. A. § 2C:11-3b(1), denotes a mandatory minimum sentence which is not subject to reduction through commutation and work credits. See Merola, 667 A.2d at 705-08. According to Plaintiff, the language in section 2C:11-3b(1) is ambiguous and thus, should be liberally construed in her favor. The Appellate Division in Merola explicitly rejected the interpretation of section 2C:11-3b(1) set forth by Petitioner. See Merola, 667 A.2d at 705 (stating that the "language of N.J.S.A. § 2C:11-3b is plain and requires no interpretation"). New Jersey courts have consistently held that the thirty-year sentence under section 2C:11-3b(1) is not subject to reduction by commutation or work credits. See Merola, 667 A.2d. at 507 (citing State v. Davis, 417 A.2d 1075 (N.J. Super. Ct. App. Div.), cert. denied, 425 A.2d 291 (1980) and State v. Ramseur, 524 A.2d 188 (N.J. 1987)). This Court, sitting in habeas corpus, is bound by the state courts' interpretation of state law. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005). Further, Ground Two fails to raise a constitutional or other federal law issue. See, e.g., Smith v. Phillips, 455 U.S. 209, 221 (1982) ("Federal courts hold no supervisory authority over state

judicial proceedings and may only intervene to correct wrongs of constitutional dimension."); Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982) ("If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable."). Thus, to the extent we have jurisdiction to consider Ground Two, it is dismissed as meritless.

In Grounds One and Three, Petitioner contends that the application of the Merola decision, interpreting section 2C:11-3b(1), to her is unconstitutionally retroactive in violation of the *Ex Post Facto* and Due Process Clauses because she was sentenced in 1987 and the NJDOC retroactively cancelled her sentence-reducing credits in 1995 as a result of Merola. (Petitioner's Mem. of Law at p. 8.). The Appellate Division found, when adjudicating this issue in its February 28, 2005 opinion, that the cancellation of Petitioner's work and commutation credits was "merely an application of the letter of the governing statute, N.J.S.A. § 2C:11-3b, to defendant's situation, as confirmed by us in Merola to have been the Legislature's intent," and thus, that there was no "unconstitutional exercise of retroactivity or other deprivation of constitutional right." See State v. Cupe, Docket No. A-0876-03T1 slip op. at p. 4 (N.J. Super. Ct. App. Div., Feb. 28, 2005).

The *Ex Post Facto* Clause prohibits a law from imposing " 'a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.' " Weaver v. Graham, 450 U.S. 24, 28 (1981) (citation omitted). To fall within the *ex post facto* prohibition, a law must be "retrospective—that is, 'it must apply to events occurring before its enactment'—and it 'must disadvantage the offender affected by it by altering the definition of criminal conduct or increasing the punishment for the crime.' " Lynce v. Mathis, 519 U.S. 433, 441 (1997) (citations omitted). The Due Process Clause protects an

11

individual's interests "in fair notice and repose that may be compromised by retroactive legislation." E.g., Landgraf v. USI Film Products, 511 U.S. 244, 266 (1994).

Petitioner's *Ex Post Facto* and Due Process claims fail because Petitioner fails to show that the Appellate Division's finding on this issue was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in Petitioner's state court proceedings. See 28 U.S.C. § 2254(d). Petitioner points to no legislation which was retroactively applied. See Landgraf, 511 U.S. at 265-66 (discussing the presumption against retroactive *legislation*). Pursuant to the holding in Merola, the statute in effect at the time of Petitioner's conviction and sentencing mandated a minimum term of thirty-years in prison and thus, did not allow her sentence to be reduced by commutation and work credits. Thus, the cancellation of Petitioner's commutation and work credits was not impermissibly retroactive. Petitioner cites to no persuasive authority to suggest otherwise. Thus, Petitioner's *Ex Post Facto* and Due Process claims are dismissed.[4]

## C. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c)

---

[4] Petitioner also contends that the application of statutory amendments in 1997 and 2000 to her sentence is unconstitutional. However, the Appellate Division affirmed denial of post-conviction relief to Petitioner pursuant to Merola and did not apply the statutory amendments to Petitioner. See State v. Cupe, Docket No. A-0876-03T1 slip op. at p. 4 (N.J. Super. Ct. App. Div., Feb. 28, 2005).

because, for the foregoing reasons, Petitioner has not made a substantial showing of the denial of a constitutional right.

### III. CONCLUSION

For the reasons set forth above, this Court dismisses the Petition and declines to issue a certificate of appealability.

Dated:  July 5, 2007                                                  /s/ Jose L. Linares
                                                                                United States District Judge